| | |
|---|---|
| Steven Anthony Graham,<br>    Plaintiff, | )<br>)<br>) Case No. 3:09-1535-RMG-JRM |
| v. | )<br>) ORDER<br>) |
| L. Fuertes Rosario, HSA/MLP, et. Al.,<br>    Defendants. | )<br>)<br>) |

This is a *pro se* action that was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Local Rule 73.02(B)(2)(e), D.S.C. Plaintiff alleges that Defendants violated 42 U.S.C. §§ 1983 and 1985 and that Defendants violated his First, Eighth, and Fourteenth Amendment rights. Defendants are all employees of FCI Estill where Plaintiff was previously confined until his transfer to another corrections facility.

The Magistrate has issued a Report and Recommendation that Defendants' motion for summary judgment should be granted and that Plaintiff's motion for injunctive relief be dismissed. (Dkt. No. 26). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed a objections in response to the Magistrate's Report and Recommendation which purports to object to the R&R. (Dkt. No. 31). As explained herein, this Court agrees with the Report and Recommendation and grants Defendants' motion for summary judgment (Dkt. No. 18) and motion to dismiss Plaintiff's request for injunctive relief (Dkt. No. 19). Thus, this Court adopts the Magistrate's R&R. Plaintiff has failed to specifically object to the Report and Recommendation as he has simply restated the same arguments presented to the Magistrate in opposition to the motions.

Even construing Plaintiff's objections as if they raised new arguments, Defendants' motions are granted.

## LAW/ANALYSIS

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff filed his "objections" on August 16, 2010. (Dkt. No. 31).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. All of Plaintiff's "objections" merely restate word for word or rehash the same arguments presented in his filings related to summary judgment. (*See* Dkt. Nos. 25 *compare with* Dkt. No. 31). Moreover, this Court has reviewed the voluminous Record and concludes that Plaintiff's claims should be disposed of at this stage of the case. Even though Plaintiff has rehashed the same conclusory arguments, this Court has conducted a *de novo* review of the Record, the briefing before the Court, and considered Plaintiff's objections. Having done so, this Court agrees with the recommendation of the Magistrate. The Magistrate's Report and Recommendation provides a comprehensive factual background and this Court

incorporates it by reference in this Order. (Dkt. No. 26 pp. 4-9). Further, as outlined herein, Defendants' motion for summary judgment is granted as is their motion to dismiss Plaintiff's request for injunctive relief. Each of the claims Plaintiff alleges (or would seem to allege) are addressed briefly below.

Because Plaintiff has been transferred from FCI Estill to FCI Coleman, his requests for preliminary injunctive relief are moot. *See Ajaj v. Smith*, 108 Fed. Appx. 743, 2004 WL 1663968 (4th Cir. July 22, 2004) (stating that where an inmate seeking equitable relief from conditions at one facility was transferred to another institution, the claims were moot due to the transfer). Plaintiff's claims that touch upon medical care and treatment do not sufficiently allege that Defendants were deliberately indifferent to his medical needs. The Record demonstrates that Plaintiff has received numerous examination for his various conditions and was prescribed medications for his heart condition and his complaints related to vertigo. Thus, his treatment does not "shock the conscience" or rise to the level of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Similarly, to the extent Plaintiff claims prisoner administrators did not respond to his correspondence, Plaintiff cannot establish a constitutional right to have prisoner administrators respond to each written inquiry. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (access to administrative remedies is not itself a constitutionally protected right). Moreover, given the Record of care received by Plaintiff it is clear that officials did attempt to respond to the correspondence and complaints through their actions to get Plaintiff proper medical attention.

Further, Plaintiff has not provided any specific evidence that Defendants engaged in a conspiracy to violate his civil rights and the Record does not contain any evidence that mildly suggests such an agreement by the Defendants. Plaintiff has also failed to offer any evidence that

Defendants engaged in any retaliatory conduct with respect to Plaintiff for his filing grievances. Therefore, based on the absence of any violation of Plaintiff's established constitutional or statutory rights, Defendants are also entitled to qualified immunity in their individual capacities. Likewise, clams against Defendants in their official capacities, seeking monetary damages, are barred by sovereign immunity.

## CONCLUSION

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation and the Defendants' motion for summary judgment and motion to dismiss Plaintiff's claim for an injunction are **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 9, 2010
Charleston, South Carolina